IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: RECALLED ABBOTT INFANT FORMULA PRODUCTS LIABILITY LITIGATION | ) ) ) | Case No. 23 C 338 |
| ------------------------------------------------- | ) | |
| CHARLOTTE WILLOUGHBY, et al., | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 22 C 1322 |
| ABBOTT LABORATORIES, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiffs' claims in this putative class action lawsuit arise from the alleged contamination of defendant Abbott Laboratories' infant formula products with toxic heavy metals and Abbott's failure to disclose this to consumers. The plaintiffs have moved to compel Abbott to produce records responsive to the following request: "All documents concerning the Infant Nutrition Council of America related to California's 2023 Assembly Bill 899." The Court denies the plaintiffs' motion for the reasons stated below.

Assembly Bill 899, which California adopted in October 2023, over a year after the present lawsuit was filed, requires regular testing for heavy metals in certain consumer products and disclosure of the results. According to the plaintiffs, the original version of the proposed legislation covered manufacturers of baby food and infant formula products. The final version removed infant formula, after a lobbying effort by

the Infant Nutrition Council of America (INCA), a trade association of infant formula manufacturers of which Abbott is one of three members. INCA publicly expressed its opposition, and its rationale appears in the minutes of a hearing on the legislation before the California State Assembly Committee on Health. The plaintiffs' discovery request in this case is aimed at obtaining (among other things) communications among INCA's members and the association related to the lobbying effort.

Abbott objects to the plaintiffs' request. It contends that the requested disclosures infringe on activity protected by the First Amendment, including freedom of association and the right to petition the government, and that the plaintiffs can obtain sufficient discovery on any relevant topics by other means.

The First Amendment protects the freedom to associate with others for common advancement of political beliefs and ideas. *See, e.g., Kusper v. Pontikes*, 414 U.S. 51, 56-57 (1973). Compelled disclosures of political associations can have a chilling effect upon, and therefore infringe, the exercise of these fundamental rights. *See, e.g., Buckley v. Valeo*, 424 U.S. 1, 64 (1976). This is not limited, as the plaintiffs suggest, to "dissident" or disfavored groups; it applies to trade associations as well. *See, e.g., Ass'n of Equip. Mfrs. v. Burgum*, 427 F. Supp. 3d 1082, 1098 (D.N.D. 2019); *City of Greenville v. Syngenta Crop Protection, Inc.*, Nos. 11-mc-10, 11-mc-1031 & 11-mc-1032, 2011 WL 5118601, at *9 (C.D. Ill. Oct. 27, 2011). For present purposes, it suffices to say that the advocacy in question involved a controversial issue of public importance.

In assessing whether the plaintiffs' requests for internal communications among INCA and its members is appropriately enforced, the Court adopts the approach of the Ninth Circuit in *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010). First, the

party asserting a privilege against disclosure (in this case Abbott) must make a *prima facie* showing of First Amendment infringement, i.e., that enforcement of the discovery request is reasonably likely to result in harassment, membership withdrawal, or discouragement of new members, or other consequences that indicate an objectively reasonable probability of adversely impacting or chilling members' associational rights. *Id.* at 1160; *see also, e.g., In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1158 (D. Kan. 2010) (applying this approach in a case involving discovery of a trade association's internal lobbying-related communications but finding the party seeking to prevent disclosure had not met its burden). If the party asserting the privilege makes the necessary *prima facie* showing, then the burden shifts to the party seeking the discovery to show that its interest in obtaining the information is sufficient to outweigh the other party's interest in not disclosing it. *Id.* at 1161; *In re Motor Fuel*, 258 F.R.D. at 312

Abbott has made the requisite *prima facie* showing via the affidavits of Paul Hanlon, Abbott's director of regulatory affairs, and Katie Mitchell, INCA's executive director. These affidavits objectively indicate a significant potential that disclosure of the requested materials would chill INCA and its members' exercise of their right to association and petition. Among other things, it is likely that the requested materials would disclose comments regarding specific legislators or officials as well as discussions regarding political relationships. Disclosure of such comments could subject INCA's members to political reprisal. And knowledge that such comments may be publicly disclosed is reasonably likely to chill members from making them in the first place. In addition, knowledge that a trade association's communications with legislators

may be publicly disclosed is reasonably likely to chill legislators from engaging with the association and its members on matters of public interest, which is core protected First Amendment activity. The Court finds that Abbott has met its initial burden.

The plaintiffs have not shown that their need for the requested communications outweighs the First Amendment interests of Abbott, INCA, and INCA's other members. In particular, the plaintiffs have not made a persuasive showing of their need for these materials or the inadequacy of other discovery to obtain any necessary information. They contend they need this material to show Abbott's knowledge of consumers' lack of awareness of the presence of heavy metals in infant formula and the effect that enhanced awareness would have on their purchase of infant formula. But there are plenty of avenues of discovery and evidence readily available to plaintiffs on these points. Among other things, Abbott's awareness of consumers' level of knowledge and the likely effect of further disclosures is, in all likelihood, adequately shown via the public and otherwise available statements by Abbott and by INCA[1] in connection with the legislation, as well as through other avenues of discovery, including market research materials that the Court has previously allowed the plaintiffs to obtain. The plaintiffs have not made a showing that the incremental value of the trade association/lobbying materials at issue here is sufficient to outweigh the First Amendment interests at stake. The plaintiffs' other relevance and materiality arguments are no more persuasive.

---

[1] INCA's statements to the California legislative committee and others on these points are almost certainly not inadmissible hearsay as to Abbott, as INCA was acting as its (and others') agent within the meaning of Federal Rule of Evidence 801(d)(2)(C) and/or (D). If Abbott later persuades the Court that INCA's statements are inadmissible under those rules, then the Court will be prepared to revisit the present ruling to the extent appropriate.

For these reasons, the Court denies plaintiffs' motion to compel [Case No. 23 C 388, dkt. no. 88].

Date: January 3, 2024

                                                                          _____
                                                                              MATTHEW F. KENNELLY
                                                                              United States District Judge